UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADRIAN JOSUE VILLALOBOS-SANCHEZ, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-2860-X-BT |
| | § | |
| ROBERT CERNA et al., | § | |
| | § | |
| *Respondents*. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Adrian Josue Villalobos-Sanchez filed a petition for a writ of habeas corpus under 28 U.S.C. section 2241 challenging his detention pending removal proceedings.[1] For the following reasons, the Court **DENIES** Petitioner's habeas petition.[2]

### I. Background

Petitioner, a native and citizen of Venezuela, entered the United States on or about July 2021.[3] On March 3, 2026, the Immigration Judge denied Petitioner's application for asylum and entered an order of removal against him.[4] Petitioner

[1] Doc. 1.

[2] The parties have not informed the Court that Petitioner became subject to a final order of removal after this lawsuit was filed, nor that Petitioner has been removed or otherwise released. If any of those circumstances occurred, the Court denies the petition as moot. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (holding that a habeas petition becomes moot when the habeas relief requested can no longer be effected).

[3] Doc. 1 at 4–5.

[4] Doc. 1 at 5; 8 U.S.C. § 1182(d)(5).

appealed the removal order to the Board of Immigration Appeals, and his appeal remains pending.[5]

On August 25, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. section 2241.[6] He argues that his "continued detention" under section 1225(b)(2)(A) without a bond hearing to assess his flight risk or danger to the community violates the Fifth Amendment's Due Process Clause.[7] He argues that his "continued detention without individualized review, without findings of danger or flight risk, and without consideration of alternatives has become arbitrary, excessive, and punitive."[8]

## II. Legal Standard

To be entitled to a writ of habeas corpus under 28 U.S.C. section 2241, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."[9] The great writ is reserved for fundamental defects resulting in a complete miscarriage of justice or wholly inconsistent with the demands of fair procedure.[10] This exceptional relief "is the precious safeguard of personal

[5] Doc. 1 at 5.

[6] Doc. 1.

[7] *Id.* at 10–12.

[8] *Id.*

[9] 28 U.S.C. § 2241(c)(3).

[10] *See Hill v. United States*, 368 U.S. 424, 428 (1962).

liberty and there is no higher duty than to maintain it unimpaired."[11] The petitioner has the burden to demonstrate that a constitutional violation has occurred.[12]

## III. Analysis

Petitioner claims his detention under 8 U.S.C. section 1225(b)(2)(A) violates the Fifth Amendment's Due Process Clause.[13] But binding Fifth Circuit precedent forecloses his claims.

Petitioner's detention under section 1225(b)(2)(A) does not violate the Immigration and Nationality Act (INA). He is an applicant for admission under section 1225(a)(1) because he is "[a]n alien present in the United States who has not been admitted or who arrives in the United States."[14] Accordingly, the INA requires the government to detain him without bond pending the conclusion of his removal proceedings.[15]

The Fifth Circuit recently issued its en banc opinion in *Rodriguez v. Vergara*, holding that detention without a bond hearing under section 1225(b)(2)(A) does not violate procedural or substantive due process, "[s]o long as an alien's detention pending removal has a definite termination point—removal or release."[16] Petitioner

---

[11] *Bowen v. Johnston*, 306 U.S. 19, 26 (1939).

[12] *Lockett v. Anderson*, 230 F.3d 695, 707 (5th Cir. 2000).

[13] Doc. 1 at 10–12.

[14] 8 U.S.C. § 1225(a)(1).

[15] *Id.* § 1225(b)(2)(A); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026) (holding section 1225(b)(2)(A) "unambiguously provides for mandatory detention").

[16] __ F.4th __, No. 26-50183, 2026 WL 3181188, at *13–14, (5th Cir. Oct. 23, 2026) (en banc) (cleaned up).

has not established that his detention lacks a definite termination point. Accordingly, Petitioner's Due Process Clause claim fails.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner Adrian Josue Villalobos-Sanchez's habeas petition. A separate judgment will issue. The Court **VACATES** its Order to Show Cause directing Respondents to file an answer. (Doc. 5).

**IT IS SO ORDERED** this 16th day of November, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE